[Cite as *State v. Hinton*, 2015-Ohio-4907.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 102710

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## THOMAS HINTON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-587018-A and CR-14-587422-A

**BEFORE:** McCormack, J., Celebrezze, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** November 25, 2015

**ATTORNEY FOR APPELLANT**

Christopher R. Fortunato
13363 Madison Ave.
Lakewood, OH   44107


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Shannon M. Musson
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant Thomas Hinton appeals from his guilty plea and sentencing. For the reasons that follow, we affirm.

Procedural History and Substantive Facts

{¶2} In 2012, Hinton was convicted of attempted gross sexual imposition. He was sentenced to 16 months in prison and was classified as a Tier II sex offender. During this same time period, he acquired additional charges of driving under suspension, for which he had an active warrant.

{¶3} In January 2014, Hinton was released from prison. While on postrelease control, he was indicted for failure to provide notice of change of address, escape, and corrupting another with drugs.

{¶4} On January 22, 2015, Hinton pleaded guilty to an amended indictment on the new charges as follows: (1) attempted failure to provide notice of change of address, a felony of the fifth degree (Cuyahoga C.P. No. CR-14-587018); (2) escape, a felony of the fifth degree (Cuyahoga C.P. No. CR-14-587422); and (3) contributing to the unruliness or delinquency of a child, a misdemeanor of the first degree (Cuyahoga C.P. No. CR-14-589045).

{¶5} The court sentenced Hinton to time served on the misdemeanor charge of contributing to the unruliness or delinquency of a child (No. CR-14-589045), and it ordered Hinton's driver's license suspended. On both the escape charge (No.

CR-14-587422) and the attempted failure to provide notice of a change of address (No. CR-14-587018), the court sentenced Hinton to 12 months imprisonment, to be served concurrently. The court gave Hinton 169 days credit for time served and ordered three years of postrelease control on each charge.

{¶6} Thereafter, the court invoked R.C. 2929.141(A)(1) and terminated Hinton's postrelease control from January 2014. It then imposed a mandatory consecutive sentence of four years imprisonment, giving Hinton 169 days credit for time served. The aggregate sentence, therefore, was five years.

{¶7} Hinton now appeals from his plea and his sentence, assigning the following errors:

> I. The trial court erred when it sentenced the appellant to the maximum sentence in [Case No. 587018 and Case No. 587422] on two [fifth] degree felonies that were amenable to a community control sanction.

> II. The trial court erred when it invoked R.C. 2929.141 and imposed an additional four year sentence to be served consecutively to the one year sentence in Case No. 587422 denying the appellant his rights under Crim.R. 11 and his due process rights under the Fourteenth Amendment to the United States Constitution and Art. I, Sec. 10 of the Ohio Constitution.

Maximum Sentence

{¶8} In his first assignment of error, Hinton contends that the trial court erred when it sentenced him to the maximum sentence on the two felonies of the fifth degree — escape and attempted failure to notify. In support of his argument, he claims that the

court did not make findings on how the offenses were the worst form of the offense or that there was a likelihood of committing future crimes; the findings were not incorporated into the sentencing entry; and the record "is not sufficiently clear" that a maximum sentence was required.

{¶9} The law no longer requires the trial court to make certain findings before imposing a maximum sentence. We therefore review Hinton's felony maximum sentence to determine whether it is contrary to law under R.C. 2953.08(A)(4). *State v. East*, 8th Dist. Cuyahoga No. 102442, 2015-Ohio-4375; *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

{¶10} A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *Smith* at ¶ 13-14, citing *State v. Holmes*, 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, ¶ 10, and *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. Courts have "full discretion" to impose a sentence within the applicable statutory range. *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Therefore, a sentence imposed within the statutory range, after considering the sentencing factors, is "presumptively valid." *Collier* at ¶ 15.

**{¶11}** This court has held that a trial court "fulfills its duty under the statutes by indicating that it has considered the relevant sentencing factors." *Smith* at ¶ 14, citing *State v. Saunders*, 8th Dist. Cuyahoga No. 98379, 2013-Ohio-490, ¶ 4. The trial court "need not go through each factor on the record — it is sufficient that the court acknowledges that it has complied with its statutory duty to consider the factors without further elaboration." *Id.*, citing *State v. Pickens*, 8th Dist. Cuyahoga No. 89658, 2008-Ohio-1407, ¶ 6. In fact, consideration of the appropriate factors set forth in R.C. 2929.11 and 2929.12 can be presumed unless the defendant affirmatively shows to the contrary. *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13; *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 7 (Where a criminal sentence is within the statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory mitigating criteria in the absence of an affirmative showing that it failed to do so.).

**{¶12}** Here, Hinton's sentence was within the statutory range for his fifth-degree felony charges. *See* R.C. 2929.14(A)(5) (the prison term for felonies of the fifth degree is 6 to 12 months).

**{¶13}** Moreover, our review of the record indicates that the trial court considered R.C. 2929.11 and 2929.12. The trial court reviewed the presentence investigation report, heard statements from Hinton, his counsel, and the prosecutor, and noted that the purposes and principles of felony sentencing are to protect the public and punish the offender. The court then proceeded to review Hinton's extensive criminal record that

began in 1993, when Hinton was a juvenile, and continued to the present day. His record includes charges of receiving stolen property, vandalism, possession of criminal tools, drug possession, drug trafficking, rioting, driving under suspension, numerous traffic violations, failing to report, open container, drug abuse, theft, probation violations, unauthorized use of a motor vehicle, and attempted gross sexual imposition.

{¶14} Thereafter, the court reviewed the statement from Hinton's parole officer, who stated that Hinton "has adjusted very poorly to supervision * * * has had issues staying in compliance, substance abuse issues, and stopped reporting." The parole officer also stated that while Hinton was in prison, he violated the prison rules "on more than ten occasions," and he brought illegal drugs into a treatment facility. The trial court then noted Hinton's current reporting requirements and his failure to abide by them, stating that Hinton had not resided at his registered address since March 2014.

{¶15} Before imposing sentence, the court stated as follows:

Once again, the purposes and principles of felony sentencing are to protect the public and punish the offender. In looking at the recidivism and seriousness factors, clearly, we have an individual here with an extensive criminal history, with prior incarcerations, has clearly not benefitted from services offered, either rehabilitation services or imprisonment.

Clearly, the recidivism factors outweigh the — more likely outweigh [the] less likely and the more serious outweigh the less serious, so I believe that a prison sentence in this matter is appropriate.

{¶16} Furthermore, the sentencing entry states that the court considered "all required factors of the law" and it found that "prison is consistent with the purpose of R.C. 2929.11."

**{¶17}** Accordingly, because the sentences for both felony charges were within the permissible statutory range and the trial court considered the required factors of law, Hinton's maximum sentence is not contrary to law.

**{¶18}** Hinton's first assignment of error is overruled.

## The Plea

**{¶19}** In his second assignment of error, Hinton contends that his plea was not made knowingly, intelligently, and voluntarily because he was not informed that the court could impose an additional sentence for the violation of postrelease control under R.C. 2929.141.

**{¶20}** An appellate court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11(C). *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 6. "We are required to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C)." *Id.*

> Crim.R. 11(C) governs the process by which a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest. The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he can make a voluntary and intelligent decision regarding whether to plead guilty.

(Citation omitted.) *Id.* at ¶ 5.

**{¶21}** Under Crim.R. 11(C), prior to accepting a guilty plea in a felony case, the trial court must conduct an oral dialogue with the defendant to ensure that the plea is voluntary, that the defendant understands the nature of the charges and the maximum penalty involved, and that the defendant understands the constitutional right he or she

waives by pleading guilty, including the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself. *See, e.g., State v. Hussing*, 8th Dist. Cuyahoga No. 97972, 2012-Ohio-4938, ¶ 18.

**{¶22}** Strict compliance is required if the appellant raises a violation of a constitutional right delineated in Crim.R. 11(C)(2)(c). When the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), it is presumed the plea was entered involuntarily and unknowingly and therefore invalid. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.

**{¶23}** When the appellant raises a violation of a nonconstitutional right found in Crim.R. 11(C)(2)(a) and (b), however, we look for substantial compliance. *State v. Joachim*, 8th Dist. Cuyahoga No. 90616, 2008-Ohio-4876. "Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *Clark* at ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶24}** When the trial court does not substantially comply with Crim.R. 11 with regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or completely failed to comply with the rule. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a

prejudicial effect. *Clark* at ¶ 32. Prejudice in this context requires that the defendant demonstrate that but for the error, there is a reasonable probability that he or she would not have pleaded guilty. *State v. Simmons*, 8th Dist. Cuyahoga Nos. 99513 and 100552, 2013-Ohio-5026, ¶ 5.

**{¶25}** Crim.R. 11(C)(2)(a) and (b), which outline the nonconstitutional notifications, state:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation * * *.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

**{¶26}** In this case, Hinton claims that the court's imposition of an additional four years imprisonment pursuant to R.C. 2929.141 violates Crim.R. 11(C)(2)(a) in that the court failed to provide notice of the possibility of an additional sentence for the commission of a new felony while on postrelease control.

**{¶27}** R.C. 2929.141 provides that a trial court may terminate postrelease control and impose a prison term:

> (A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do

either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

{¶28} This court has previously held that there is no requirement for the trial court to inform a defendant of the court's authority under R.C. 2929.141 at a sentencing that included the imposition of postrelease control. *State v. Bybee*, 2015-Ohio-878, 28 N.E.3d 149, ¶ 11-12 (8th Dist.) (stating that neither R.C. 2929.141 nor 2929.19(B)(2)(e) mandates the trial court notify a defendant of all possible consequences of his or her commission of a felony while on postrelease control).

{¶29} We have also held that a trial court is not required to inform a defendant, at the time of a guilty plea, of the possibility of a prison term for the commission of a new

felony while on postrelease control. *State v. Turner*, 8th Dist. Cuyahoga No. 101578, 2015-Ohio-1148, ¶ 7 (reasoning that courts have discretion to impose a prison term under R.C. 2929.141 for a new felony violation and the General Assembly did not make R.C. 2929.141 a notification requirement like other postrelease control statutes), citing *State v. Shaffer*, 8th Dist. Cuyahoga Nos. 95273 and 95274, 2011-Ohio-844, ¶ 12. Therefore, a trial court is not obligated to provide such notice to a defendant at the time of his guilty plea in order to substantially comply with Crim.R. 11(C)(2)(a). *Id*.

{¶30} Finally, this court recently determined that the Crim.R. 11(C)(2)(a) obligation of the trial court to inform a defendant of the maximum penalty involved on each charge does not mandate that the trial court advise the defendant of the court's authority under R.C. 2929.141 to terminate postrelease control and impose a prison term. *State v. Dotson*, 8th Dist. Cuyahoga No. 101911, 2015-Ohio-2392, ¶ 12. The requirement of informing the defendant of the "maximum penalty" applies only to the maximum penalty for the crime for which the plea is offered and does not apply "'cumulatively to the total of all sentences received for all charges which a criminal defendant may answer in a single proceeding.'" *Id*., quoting *State v. Johnson*, 40 Ohio St.3d 130, 133, 532 N.E.2d 1295 (1988).

{¶31} Here, the record demonstrates that Hinton was not advised in court that the trial court could invoke its authority under R.C. 2929.141 to terminate his postrelease control and impose an additional four years in prison. However, in light of the foregoing, we find that the trial court had no statutory obligation to do so. Even so,

Hinton fails to demonstrate how the court's failure to advise him of the court's authority under R.C. 2929.141 has prejudiced him. He provides no evidence that but for the court's nonadvisement, he would not have entered a guilty plea. *Dotson* at ¶ 16. Therefore, Hinton's claim that his plea was not knowingly, intelligently, and voluntarily made is without merit.

{**¶32**} Hinton's second assignment of error is overruled.

{**¶33**} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR