[Cite as *State v. Martin*, **2017-Ohio-2759**.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104802**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## FREDRICK G. MARTIN

DEFENDANT-APPELLANT

**JUDGMENT:**
VACATED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-597329-A

**BEFORE:** Laster Mays, J., Keough, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 11, 2017

**ATTORNEY FOR APPELLANT**

Michael Hustick
50 Public Square, Suite 1900
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:    Brett Hammond
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant, Fredrick G. Martin ("Martin"), appeals his sentence and asks this court to modify his sentence pursuant to the authority under R.C. 2953.08(G). After a review of the record, we vacate and remand.

**{¶2}** Martin pleaded guilty to one count of operating a vehicle while under the influence ("OVI"), a fourth-degree felony in violation of R.C. 4511.19(A)(1)(a). The trial court sentenced Martin to 18 months imprisonment. During the sentencing hearing, the trial court stated that 18 months imprisonment was a mandatory term. (Tr. 21.) Martin disagrees with the trial court's determination and assigns one error for our review.

**{¶3}** Martin contends that the sentence is clearly and convincingly contrary to law.

**{¶4}** The state concedes and agrees that the trial court erred in imposing an 18-month mandatory prison term for Martin's conviction under R.C. 4511.19(A)(1)(a); however, it disagrees with Martin's proposed remedy to modify his sentence by imposing a 60-day mandatory prison term. The state argues that this court should remand this case to the trial court for resentencing consistent with R.C. 4511.19(G)(1)(d).

## I. Sentencing Contrary to Law

### A. Standard of Review

**{¶5}** This court has determined that

> [a]ppellate review of felony sentences is governed by R.C. 2953.08. *State v. Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may increase, reduce, or modify a sentence, or it may vacate and remand the matter for resentencing, only if we clearly and convincingly find that either the record does not support the sentencing court's statutory findings or the sentence is contrary to law. A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

*State v. Martin*, 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99, ¶ 7.

### B. Law and Analysis

**{¶6}** In Martin's sole assignment of error, he argues that his sentence is clearly and convincingly contrary to law because it was not authorized under the sentencing provisions of R.C. 2929.13 and 4511.19. The state concedes this error, but disagrees with Martin's remedy. Martin has asked this court to reduce his sentence to 60 days imprisonment, and the state has requested that we remand to the trial court for resentencing. R.C. 2953.08(G)(2) gives us the authority to modify or vacate and remand. We agree that the trial court erred in imposing a mandatory prison term of 18 months because the statute reads, in part, as follows:

> [i]f the sentence is being imposed for a violation of division (A)(1)(a), (b), (c), (d), (e), or (j) of this section, a mandatory prison term of one, two,

three, four, or five years as required by and in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code or, in the discretion of the court, either a mandatory term of local incarceration of sixty consecutive days in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of that section if the offender is not convicted of and does not plead guilty to a specification of that type.

R.C. 4511.19(G)(1)(d).

Therefore, we vacate Martin's sentence and remand to the trial court for resentencing.

{¶7} Judgment is vacated and remanded.

It is ordered that the appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
SEAN C. GALLAGHER, J., CONCUR