[Cite as *State v. McGowan*, 2018-Ohio-2930.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105806**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**LARRY ARTHUR McGOWAN**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-585017-A, CR-15-594005-A, and CR-16-610024-A

**BEFORE:** Celebrezze, J., McCormack, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** July 26, 2018

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square, Suite 1616
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:     Maxwell Martin
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1}   Defendant-appellant, Larry McGowan (hereinafter "McGowan"), filed the instant appeal challenging the trial court's imposition of consecutive sentences.   More specifically, McGowan argues that the imposition of consecutive sentences was not supported by the record, and the sentences were contrary to law because the trial court did not consider the purposes and principles of the sentencing guidelines.   After a thorough review of the record and law, this court affirms.

I.        Factual and Procedural History

{¶2} McGowan and the state reached a plea agreement under which McGowan agreed to plead guilty in three criminal cases pending against him.   Pursuant to the plea agreement, the parties agreed to recommend an aggregate prison sentence of 25 years to life on all three cases.

{¶3} First, in Cuyahoga C.P. No. CR-15-594005-A, McGowan pled guilty to 24 counts consisting of rape, kidnapping, aggravated robbery, and aggravated burglary related to violent physical attacks and rapes of five individual female victims.   All counts in this indictment share a particular set of gruesome facts, where McGowan would physically attack strangers he encountered on the street and would then forcibly rape them, some at gunpoint and one at knifepoint.   Further, all counts had accompanying firearm specifications and repeat violent offender specifications; however, all specifications were dismissed as part of the plea agreement.   In this case, McGowan was sentenced to a cumulative prison term of ten years.

{¶4} Second, in Cuyahoga C.P. No. CR-14-585017-A, McGowan pled guilty to aggravated murder and rape.   McGowan raped and brutally attacked the victim in a semi-trailer truck lot.   The victim died as a result of head, neck, and brain injuries sustained from being run over by a vehicle driven by McGowan.   The victim was found with a large amount of mud in

her mouth, airways, and stomach as a result of being run over by the vehicle. McGowan was sentenced to a prison term of 25 years to life.

{¶5} Third, in Cuyahoga C.P. No. CR-16-610024-A, McGowan pled guilty to one count of felonious assault. In this case, McGowan assaulted a fellow inmate at Cuyahoga County jail while incarcerated on his other pending criminal charges. McGowan was sentenced to a prison term of five years.

{¶6} On April 28, 2017, the trial court held a sentencing hearing on all three cases and imposed the sentences listed above. The trial court then ordered that all three sentences were to be served consecutive to one another for a cumulative aggregate sentence of 40 years to life. These cases were also to be served consecutive to Summit C.P. No. 12-12-3401. In that case, McGowan had been previously convicted of one count of rape and received an 11-year prison sentence. McGowan began serving the sentence for the Summit County case on September 17, 2013.

{¶7} McGowan filed the instant appeal assigning a sole error for review:

I. The trial court erred in imposing consecutive sentences as the sentence was not supported by the record and was contrary to law as it did not consider the purposes and principles of the felony sentencing guidelines.

## II. Law and Analysis

{¶8} In his sole assignment of error, McGowan argues that the trial court erred in imposing consecutive sentences. More specifically, McGowan argues that the imposition of consecutive sentences was not supported by the record, and the sentences were contrary to law because the trial court did not consider the purposes and principles of the sentencing guidelines.

{¶9} Our review of felony sentences is governed by R.C. 2953.08(G)(2). Pursuant to R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Maddox*, 8th Dist. Cuyahoga No. 105140, 2017-Ohio-8061, ¶ 31, citing *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907.

{¶10} In the instant matter, McGowan argues that the trial court did not consider the purposes and principles of sentencing under R.C. 2929.11, as the court failed to consider the impact of the sentence on government resources and because the court incorrectly concluded that the offenses were a continuous course of conduct under R.C. 2929.14(C). McGowan also argues that he had a reasonable expectation that the trial court would implement the agreed sentence. As there are three distinct issues within McGowan's sole assignment of error, we address these issues separately.

### A. Purposes and Principles of Sentencing

{¶11} R.C. 2929.11 directs a court to consider the "overriding" purposes of felony sentencing: (1) "protect[ion of] the public from future crime by the offender or others," and (2) "punish[ing] the offender." R.C. 2929.11(A). The sentencing court is to accomplish these purposes using "minimum sanctions" and without placing any "unnecessary burden on state or local government resources." *Id.* To achieve these purposes, a court must also consider the

need for incapacitation, deterrence, rehabilitation, and restitution. *Id.* An appropriate sentence is thus one "reasonably calculated" to achieve the overriding purposes of felony sentencing and is "commensurate with," while "not demeaning the seriousness" of, the conduct and its impact. R.C. 2929.11(B).

{¶12} Pursuant to R.C. 2929.12, the trial court has discretion to "determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). The court must consider applicable factors from divisions (B) and (C) relating to the "seriousness of the conduct," and divisions (D) and (E) relating to recidivism. *Id.* The statute also permits the trial court to consider "any other factors that are relevant to achieving those purposes and principles of sentencing." *Id.*

{¶13} Our review of the sentencing hearing transcript demonstrates that the trial court considered the requisite sentencing factors pursuant to R.C. 2929.11. At the sentencing hearing, the trial court heard statements from the assistant prosecuting attorneys, several victims, several family members of victims, defense counsel, and from McGowan himself. The trial court then explained the purposes and principles of felony sentencing pursuant to R.C. 2929.11, stating:

> And the overriding purpose of a sentence in a criminal case is to punish the offender and protect the public from future crime by the offender or others and to do so by using the minimum amount of consequences or sanctions to accomplish that and recognizing the need that we're trying to either deter crime in the future, recognize that someone has to be responsible for the conduct and the harm they've caused to others in the criminal context and, in certain situations, try to rehabilitate or provide restitution for others. And the sentence should be commensurate with those purposes. When we look at charges like this and when I look at charges like this, I have to evaluate the seriousness of these charges and listen to and be aware of the impact on the victims and the physical and psychological harm or serious harm that's occurred and then, is there anything that would make this less serious because of circumstances.

(Tr. 744.) The trial court then continued on, explaining the seriousness and recidivism factors under R.C. 2929.12:

And then the next thing I have to look at, which is very different, is what is the likelihood that this person will cause a new crime in the future? And we do that based on looking at the individual's, in this case Mr. McGowan's, past criminal history and the criminal history of the charges or the criminal events or the circumstances in the case here and try to make a determination of whether it's likely that he will re-offend in the future or whether he will not likely [re-offend] in the future. And once I hear all of that and consider all of those points, then I can reach a decision. And I've done so in this case.

(Tr. 745.)

{¶14} We note that, contrary to McGowan's assertions, a review of the sentencing hearing transcript demonstrates that the trial court fulfilled its statutory obligation. The trial court's statements above demonstrate that it considered the required statutory factors and fulfilled its obligations under the sentencing statutes. *See State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 18; *State v. Wright*, 8th Dist. Cuyahoga No. 95096, 2011-Ohio-733, ¶ 4. First, the trial court adequately referenced the relevant statutory guidelines during the sentencing hearing. Second, its journal entries imposing the sentences state that it "considered all required factors of the law" and further state that a prison term "is consistent with the purpose of R.C. 2929.11." The case law is clear that a sentencing court need not state anything further than it considered all required statutory factors to fully comply with the sentencing statutes. *State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61. Thus, the trial court fulfilled its statutory obligation pursuant to R.C. 2929.11 and 2929.12.

{¶15} In light of the above, we find that the trial court's sentence is not contrary to law. The trial court's prison sentences on all counts in all three cases are within the permissible statutory range as set forth in R.C. 2929.14(A). We find no merit to McGowan's argument that the trial court did not consider R.C. 2929.11 and 2929.12 in imposing his sentence. The record reflects that the trial court considered the purposes and principles of felony sentencing set forth in

R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. As such, McGowan's arguments here are without merit.

## B. Consecutive Sentences

{¶16} McGowan argues that the trial court erred by imposing consecutive sentences and that the imposition of concurrent sentences in McGowan's three cases would have accomplished the overriding purposes of R.C. 2929.11.

{¶17} In order to impose consecutive sentences, the trial court must make the findings set forth in R.C. 2929.14(C)(4) and incorporate those findings into the court's journal entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. R.C. 2929.14(C)(4) provides that the trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶18} Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, "and by doing so it affords notice to the offender and to defense counsel." *Bonnell* at ¶ 29. "Findings," for these purposes, means that "'the [trial]

court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specified which of the given bases warrants its decision.'" *Id*. at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). Further, the reviewing court must be able to determine that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. The findings must be incorporated into the trial court's sentencing journal entry. *Bonnell* at ¶ 37.

{¶19} Our review of the record shows that McGowan was convicted of heinous and violent crimes, and thus, the trial court did not err in imposing consecutive prison sentences pursuant to R.C. 2929.14(C)(4). Further, in our review, the record reflects that the court made the necessary findings. Moreover, the trial court at the sentencing hearing found that:

> [E]ach one of these three cases will be sentenced — served consecutively * * * the defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender and that two or more of these cases were part of a common course of conduct and the harm caused by the multiple offenses was so great or unusual that no single term for the offenses committed adequately reflects the seriousness of the offender's conduct * * *.
>
> And my view is, in certain circumstances the individual acts that are serious and — and so inflicting of injury on the victim and family members that it should be recognized by an individual sentence. And while the general law is that sentences are to be concurrent, there is a proper exception for consecutive sentences when necessary. And Mr. McGowan, I think your conduct over the years warrants that as an indication to you and to others who act in the same manner that those are the risks you wish upon yourself or bring upon yourself for your conduct. And I hope this sentence today is an accurate reflection based on your conduct and what needs to be expressed by my sentence. When I sentence anybody I try to match the conduct with the sentence and that's why I reached the result in this case.

(Tr. 752-754.) Thus, the trial court clearly considered the statutory criteria and specified that R.C. 2929.14(C)(4)(b) specifically warranted its decision.

{¶20} We note that a review of the record reveals that at the sentencing hearing, the trial

court did not explicitly state the "disproportionate" prong of R.C. 2929.14(C)(4), that consecutive sentences "would not be disproportionate to the seriousness of appellant's conduct and to the danger appellant poses to the public." However, this omission is not dispositive of McGowan's arguments. Indeed, this court rejected a similar argument in *State v. Morris*, 8th Dist. Cuyahoga No. 104013, 2016-Ohio-7614, and held that "[t]he trial court's statements on the record indicate that it considered proportionality both with regard to the seriousness of [the defendant's] conduct and the danger he poses to the public." *Id.* at ¶ 34.

{¶21} The *Morris* court relied on *State v. Crawley*, 8th Dist. Cuyahoga No. 102781, 2015-Ohio-5150. In *Crawley,* this court rejected the defendant's argument regarding the specificity of the trial court's proportionality finding and concluded that "the trial court's failure to identify the factors — or 'the reasons' — that were considered in its proportionality analysis does not render the consecutive sentences contrary to law." *Crawley* at ¶ 12-13.

{¶22} This court has examined this particular issue more recently in *State v. Blevins*, 8th Dist. Cuyahoga No. 105023, 2017-Ohio-4444. In *Blevins,* we noted that a trial court is not required to give a "'talismanic incantation of the words of [R.C. 2929.14(C)(4)], provided that the necessary findings can be found in the record and are incorporated in the sentencing entry.'" *Blevins* at ¶ 22, quoting *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37.

{¶23} In the instant matter, the record reflects that the trial court did not state verbatim that consecutive sentences would not be disproportionate to the seriousness of McGowan's conduct or the danger McGowan poses to the public. However, when viewed in their entirety, the trial court's statements on the record undoubtedly indicate that it considered the disproportionate prong with regard to both the seriousness of McGowan's conduct and the danger he posed to the public. As the trial court stated at the sentencing hearing, that in

imposing consecutive sentences "the reason I do that is because I think under this circumstance it's necessary and appropriate to do that." The trial court further noted that "in certain circumstances the individual acts that are serious and — and so inflicting of injury on the victim and family members that it should be recognized by an individual sentence." It is clear from these findings and in considering the trial court record in its entirety, that the trial court considered whether consecutive sentences would be disproportionate to the danger McGowan poses to the public, thus satisfying the disproportionate prong. Here, as in *Blevins*, when "[v]iewing the trial court's statements in their entirety, we can discern that the trial court found that consecutive sentences are both not disproportionate to the seriousness of appellant's conduct and not disproportionate to the danger appellant poses to the public." *Blevins* at ¶ 25.

**{¶24}** In addition, the trial court properly incorporated its findings into its sentencing journal entries as required. *Id.* at ¶ 26, citing *Bonnell* at syllabus. The trial court's August 31, 2016 sentencing journal entries provide, in relevant part:

The court imposes prison terms consecutively finding that consecutive service is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct, or defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by defendant.

**{¶25}** For all of the foregoing reasons, we conclude that the trial court made the appropriate consecutive sentence findings both at the sentencing hearing and within the sentencing journal entries. The record clearly reflects that the trial court engaged in the correct analysis required under R.C. 2929.14(C)(4). *See State v. Hart*, 8th Dist. Cuyahoga No. 104387, 2017-Ohio-290, ¶ 7. Furthermore, we cannot clearly and convincingly find that the record does not support the trial court's findings. As this court stated in *Bonnell*, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29. As the trial court made the requisite consecutive sentence findings at the sentence hearing and the trial court incorporated its findings into its sentencing journal entries as required by *Bonnell*, McGowan's arguments here are without merit.

## C. Reasonable Expectation of Implementing Agreed Sentence

**{¶26}** McGowan also argues that he had a reasonable expectation that the trial court would implement the agreed sentence of 25 years to life, and by failing to impose the agreed sentence, he was deprived of due process.

**{¶27}** Relative to this argument, in *State v. Dunbar*, 8th Dist. Cuyahoga No. 87317, 2007-Ohio-3261, this court explained:

> [A] trial court is vested with sound discretion when implementing plea agreements. *State v. Buchanan*, 154 Ohio App.3d 250, [2003-Ohio-4772, 769 N.E.2d 1003, ¶ 13 (5th Dist.)], citing *Akron v. Ragsdale*, 61 Ohio App.2d 107, 399 N.E.2d 119 [(9th Dist.1978)]. The court is not obligated to follow the negotiated plea entered into between the state and the defendant. *Id*. However, once the court approves the plea agreement, its ability to deviate from it is limited. *State v. Allgood*, 9th Dist. [Lorain] No[s]. 90CA004903, 90CA004904, 90CA004905, and 90CA004907, 1991 Ohio App. LEXIS 2972, at *3 (June 19, 1991), citing *U.S. v. Holman*[,] 728 F.2d 809, [(6th Cir.1984)], certiorari denied (1984), 469 U.S. 983, 105 S.Ct. 388, 83 L.Ed.2d 323.

* * *

"[T]he law is somewhat less settled in [the] cases where the trial court appears to indicate that it accepts the negotiated plea agreement before the court accepts the defendant's plea, and then deviates from the recommended sentence or terms contained within the plea agreement at the time of sentencing. The analysis in these scenarios turns to due process concerns over whether the accused was put on [notice] that the trial court might deviate from the recommended sentence or other terms of the agreement before the accused entered his plea and whether the accused was given an opportunity to change or to withdraw his plea when he received this notice. *See, generally, Katz & Giannelli*, Criminal Law (1996) 154-155, Section 44.8. n.2[.]" [(Emphasis deleted.) *Warren v. Cromley*, 1999 Ohio App. LEXIS 206, *7-8 (11th Dist.1999).]

"A trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.'" *Buchanan* [at ¶ 13, quoting *State v. Pettiford*, 12th Dist. Fayette No. CA2001-08-014, 2002 Ohio App. LEXIS 1891, *3 (Apr. 22, 2002)], citing *State v. Darmour*[, 38 Ohio App.3d 160, 161, 529 N.E.2d 208 (8th Dist.1897)] ([This court held,] "no abuse of discretion is present when the trial court forewarns a defendant that it will not consider itself bound by any sentencing agreement and defendant fails to change his plea[*"*]).

*Dunbar* at ¶ 112-115.

{¶28} This court also very recently noted in *State v. Huffman*, 8th Dist. Cuyahoga No. 105805, 2018-Ohio-1192, ¶ 20, that:

With regard to an agreed sentence that forms the basis of the plea, the sentence itself is part of the quid pro quo for the agreed plea. Although the trial judge is free to accept or reject that agreement, it is incumbent upon the court to do so expressly. To hold otherwise creates a false expectation in the mind of the defendant over the underlying nature of the plea agreement.

{¶29} In the instant matter, we note that as part of the plea agreement, the parties agreed to "recommend" to the trial court a sentence of 25 years to life in prison. The prosecutor clearly represented to the trial court a plea offer for an agreed sentence of 25 years to life.[1] Under these

---

[1] We note the prosecutor's explicit language stating "[i]t's my understanding Mr. McGowan wishes to enter

terms, defense counsel acknowledged his belief that a plea would be forthcoming. Therefore, it is apparent that McGowan entered his plea with an understanding that a sentence of 25 years to life in prison would be imposed. The trial court's journal entries from the plea hearing reflected its acceptance of the plea agreement simply stating that the "court accepts [McGowan's] guilty plea."

{¶30} McGowan undeniably entered his plea with the understanding that he would be sentenced to the agreed-upon sentence; however, we must next determine if the trial court forewarned McGowan that a greater, or lesser, sentence could be imposed. *Dunbar*, 8th Dist. Cuyahoga No. 87317, 2007-Ohio-3261, at ¶ 115. At the time McGowan entered his plea, the trial court repeatedly stated to him that it was not accepting the recommended sentence. Further, the trial court repeatedly stated that the recommended sentence was, just that, merely a recommendation. Specifically, we note the following exchange between the trial court and McGowan, which took place after the prosecutor and defense counsel represented the agreed recommended sentence to the trial court:

> THE COURT: Now I need to explain to you what an agreed plea recommendation is, what that means to me and this [c]ourt.
>
> * * *
>
> So in the context of an agreed sentence, when the parties agree, the [s]tate agrees with you and you agree with the [s]tate to make a recommendation to me. I accept that recommendation for consideration that each of you know a great deal more about the case than I do. I will know a great deal more at sentencing. So I take the matter of an agreed sentence very seriously, but I also reserve the right to render my own decision based on the information I will hear at sentencing.
>
> So the long and short of it is it's a recommendation to me. I give it serious

---

a change of plea if there is an agreed-upon — if there is, along with the plea, an agreed-upon sentence *that would be accepted by this [c]ourt of 25 years to life*." (Emphasis added.) (Tr. 673-674.)

consideration and I'll make the final decision at sentencing. There have been cases that I've gone lower, there have been cases that I've gone higher, there have been cases that I agree exactly with what the parties have recommended. Do you understand that?

[McGOWAN]: Yes, sir.

THE COURT: Okay. Are you willing to go forward on that basis?

[McGOWAN]: Yes, sir.

(Tr. 694.) Therefore, we find that McGowan was put on notice that the trial court could deviate from the agreed recommended sentence. Thus, McGowan could not have had a reasonable expectation that the trial court could only impose the agreed recommended sentence. McGowan's arguments here are without merit.

{¶31} Accordingly, McGowan's sole assignment of error is overruled.

### III. Conclusion

{¶32} After thoroughly reviewing the record, we affirm the trial court's sentence. We find that the trial court's sentence is not contrary to law. The sentence is within the permissible statutory range, and the record reflects that the trial court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. The trial court made the requisite consecutive sentence findings pursuant to R.C. 2929.14(C)(4) at the sentencing hearing and incorporated its findings into its sentencing journal entries. Moreover, McGowan was put on notice that the trial court could deviate from the agreed recommended sentence, and therefore, he could not have had a reasonable expectation that the trial court could only impose the agreed recommended sentence.

{¶33} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

TIM McCORMACK, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR