[Cite as *State v. Green*, 2019-Ohio-1816.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-18-1065

    Appellee                                 Trial Court No. CR0201703193

v.

Shawn D. Green                             **DECISION AND JUDGMENT**

    Appellant                                Decided:  May 10, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Dexter L. Phillips, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Shawn Derek Green, appeals from the May 15, 2018 judgment of

the Lucas County Court of Common Pleas, where he was sentenced to six years of

incarceration for aggravated robbery in violation of R.C. 2911.01(A)(1) and (C), a felony

of the first degree.  Finding no error, we affirm.

## Background

{¶ 2} On October 5, 2017, appellant was alleged to have accompanied a friend to commit a robbery, during which he brandished a deadly weapon. Appellant's friend paid him for his involvement.

{¶ 3} On December 19, 2017, appellee, the state of Ohio, indicted appellant for aggravated robbery in violation of R.C. 2911.01(A) and (C), a felony of the first degree, and for felonious assault in violation of R.C. 2903.11(A)(1) and (D), a felony of the second degree.

{¶ 4} Appellant initially pled not guilty. However, on February 27, 2018, he withdrew his not-guilty plea and pled guilty to the aggravated robbery. The court proceeded with its Crim.R. 11 colloquy, found appellant made a knowing, voluntary plea, and accepted the plea. Appellee dismissed the felonious assault charge in exchange for the plea. Sentencing was set for May 9, 2018.

{¶ 5} At the sentencing hearing, the trial court sentenced appellant to six years in prison for the aggravated robbery. The judgment entry was journalized on May 15, 2018, and appellant timely appeals.

## Assignment of Error

{¶ 6} Appellant asserts the trial court failed to comply with R.C. 2929.11 and 2929.12, when imposing his six-year prison sentence. Appellee contends the court considered the necessary criteria in compliance with R.C. 2929.11 and 2929.12.

2.

**{¶ 7}** Appellate courts review felony sentences under the standard set forth in R.C. 2953.08(G)(2), which provides that an "appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *See State v Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶ 8}** R.C. 2929.11(A) pertinently provides, "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions." It follows, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *See* R.C. 2929.11(A); *State v. Craig*, 6th Dist. Wood No. WD-14-061, 2015-Ohio-1479, ¶ 10. A felony sentence, therefore, "shall be reasonably calculated to achieve the two overriding purposes * * * set forth in [R.C. 2929.11(A)], commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *See* R.C. 2929.11(B); *Craig*.

**{¶ 9}** R.C. 2929.12(A) pertinently provides, "a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing." In this determination, "R.C. 2929.12 provides a non-exhaustive list of factors the court must

3.

consider in determining the relative seriousness of the underlying crime and the likelihood that the defendant will commit another offense in the future." *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 26. "The factors include: (1) the physical, psychological, and economic harm suffered by the victim, (2) the defendant's prior criminal record, (3) whether the defendant shows any remorse, and (4) any other relevant factors." *Id*.

{¶ 10} A sentencing court is not required to use specific language or make specific findings to demonstrate that it considered the applicable sentencing criteria under R.C. 2929.11 and 2929.12. *See State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶ 11} At the sentencing hearing in this case, the trial court elaborated on the criteria it considered, as follows:

> The defendant having been convicted of the offense of aggravated robbery, in violation of Revised Code Section 2911.01(A)(1) and (C), a felony of the first degree, the Court having conducted a hearing pursuant to 2929.19, having afforded the defendant and counsel rights to make statements pursuant to Criminal Rule 32(A)(1), as well as having considered the principles and purposes of sentencing set forth in 2929.11, it will be the order of the Court the defendant be sentenced to the Ohio Department of Rehabilitation & Corrections for a period of six years, until released according to law, and is ordered to pay the costs of prosecution.

4.

**{¶ 12}** Additionally, the May 15, 2018 sentencing journal entry states: "The court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12."

**{¶ 13}** Based on the statements made at sentencing and in the sentencing entry, we hold the trial court considered the relevant sentencing criteria and complied with R.C. 2929.11 and 2929.12. Appellant fails to show by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that his sentence is otherwise contrary to law.

**{¶ 14}** Accordingly, appellant's sole assignment of error is not well-taken.

### Conclusion

**{¶ 15}** The May 15, 2018 judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

5.

Arlene Singer, J.                           _____
                                                             JUDGE

Thomas J. Osowik, J.                                                      _____
                                                             JUDGE

Christine E. Mayle, P.J.                                 
CONCUR.                                                          _____
                                                             JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.