[Cite as *State v. Williams*, 2019-Ohio-3026.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-18-1203

     Appellee                                   Trial Court No. CR0201701723

v.

Kristopher J. Williams                    **DECISION AND JUDGMENT**

     Appellant                                 Decided:  July 26, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**ZMUDA, J.**

## I. Introduction

{¶ 1} Appellant, Kristopher Williams, appeals the judgment of the Lucas County

Court of Common Pleas, sentencing him to 12 months in prison following his guilty plea

to one count of theft from a person in a protected class.  Finding no error in the

proceedings below, we affirm.

## A. Facts and Procedural Background

{¶ 2} On October 6, 2016, police responded to the home of Virgie Henry, an 85-year-old woman. Henry informed the responding officer that she had contracted with appellant to install a new roof on her house. According to Henry, she gave appellant a $5,000 check on September 6, 2016. Appellant told her that he would begin the work by September 26, 2016. Appellant then cashed the check. The work was never initiated. Appellant initially explained to Henry that his delay in starting the project was due to the fact that his child was ill and was in the hospital. Following this explanation, appellant made no further contact with Henry despite her repeated phone calls.

{¶ 3} As a result of the foregoing conduct, appellant was indicted on April 26, 2017, and charged with one count of theft from a person in a protected class in violation of R.C. 2923.02(A)(3) and (B)(3), a felony of the fourth degree. After originally entering a not guilty plea, appellant appeared before the trial court on January 8, 2018, and pled no contest to the lesser offense of theft from a person in a protected class in violation of R.C. 2923.02(A)(3) and (B)(3), a felony in the fifth degree. The trial court accepted appellant's plea and found him guilty.

{¶ 4} On August 21, 2018, the sentencing hearing was held and defense counsel and appellant spoke in mitigation. It was stated that the reason appellant did not perform the contract was due to the fact that his child had health issues. However, the trial court noted that appellant had failed to return repeated calls from the victim and had never ordered any supplies for the job despite cashing the $5,000 check. The trial court

2.

ultimately sentenced appellant to 12 months in prison, the maximum sentence. It is from this judgment that appellant now appeals.

## B. Assignment of Error

{¶ 5} On appeal, appellant raises the following assignment of error:

> The trial court did not comply with R.C. 2929.11 and 2929.12 in sentencing Appellant to twelve months in the Ohio Department of Rehabilitation and Corrections instead of ordering community control sanctions.

## II. Analysis

{¶ 6} In his sole assignment of error, appellant challenges his prison sentence, arguing that even though the prison term imposed by the trial court was within the prescribed statutory period, the trial court did not consider relevant mitigating factors. Ultimately, appellant contends that he should have been sentenced to community control instead of a prison term.

{¶ 7} A felony sentence is reviewed under R.C. 2953.08(G)(2). *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 6; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. Under R.C. 2953.08(G)(2), this court will not modify or vacate a sentence unless we find, by clear and convincing evidence:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

3.

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant, or

(b) That the sentence is otherwise contrary to law.

{¶ 8} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954). "A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12." *State v. Gaines*, 8th Dist. Cuyahoga No. 103476, 2016-Ohio-4863, ¶ 8, citing *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10; *State v. Parks*, 6th Dist. Lucas No. L-18-1138, 2019-Ohio-2366, ¶ 16.

{¶ 9} In his brief to this court, appellant concedes the fact that his 12-month sentence falls within the statutory range prescribed for a felony of the fifth degree under R.C. 2929.14(A)(5). Nonetheless, appellant argues that the trial court failed to consider mitigating factors which would have led it to impose community control sanctions rather than a prison sentence.

{¶ 10} Relevant to appellant's argument, we have previously stated that "[a] sentencing court is not required to use specific language or make specific findings to demonstrate that it considered the applicable sentencing criteria under R.C. 2929.11 and 2929.12." *State v. Green*, 6th Dist. Lucas No. L-18-1065, 2019-Ohio-1816, ¶ 10.

4.

Moreover, "a court that imposes a sentence * * * upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A).

{¶ 11} According to the transcript from appellant's sentencing hearing, several factors contributed to the trial court's decision to impose the maximum sentence in this case. First, appellant has five prior felony convictions and nine misdemeanor convictions, which include a prior conviction for attempted theft from an elderly person and theft from an elderly person. Second, appellant was previously sentenced to community control, which was later revoked after he committed new criminal offenses. Additionally, the trial court noted that appellant had not paid any of the restitution owed to the victim, despite telling the judge at an earlier date that he would pay it immediately. Tellingly, the presentence investigation report revealed that appellant had not acknowledged any wrongdoing in this case, instead asserting that he had rights as a business owner. Finally, the court found appellant's actions in this case to be particularly reprehensible. Indeed, the court characterized appellant as a conman and stated: "[n]ot only are you so bad you would steal from somebody, you stand up in court time after time and lie about it. I don't like it. The community needs to be protected from you for the longest period allowed under law."

{¶ 12} In its August 24, 2018 judgment entry, the trial court indicated: "[t]he Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under

5.

R.C. 2929.11, and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12." The judgment entry also says that "[t]he Court further finds that the defendant is not amenable to community control and that prison is consistent with the purposes of R.C. 2929.11."

{¶ 13} While the trial court could have imposed a community control sanction as suggested by appellant, it also had "full discretion to impose any sentence within the authorized statutory range * * *." *State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, ¶ 6. Appellant's 12-month sentence falls within the applicable statutory range. Further, the trial court articulated its consideration of the purposes and principles of sentencing under R.C. 2929.11, as well as the relevant seriousness and recidivism factors contained in R.C. 2929.12, at the sentencing hearing, and expressly stated that it considered those statutes in its sentencing entry. Therefore, we cannot say that appellant's sentence was clearly and convincingly contrary to law.

{¶ 14} Accordingly, appellant's sole assignment of error is not well-taken.

### III. Conclusion

{¶ 15} In light of the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                                        JUDGE

Arlene Singer, J.

                                                            _____
Gene A. Zmuda, J.                                                    JUDGE
CONCUR.

                                                            _____
                                                                        JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.