[Cite as *State v. Scott*, 2014-Ohio-379.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98809

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## CLYDE SCOTT

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-557947
Application for Reopening
Motion No. 470757

**RELEASE DATE:**     February 4, 2014

**FOR APPELLANT**

Clyde Scott, pro se
No. 630-904
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio   44030


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Denise J. Salerno
          Amy Venesile
Assistant County Prosecutors
Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

**{¶1}** Clyde Scott has filed an application for reopening pursuant to App.R. 26(B). Scott is attempting to reopen the appellate judgment, rendered in *State v. Scott*, 8th Dist. Cuyahoga No. 98809, 2013-Ohio-1559, which affirmed his conviction for the offenses of kidnaping, felonious assault, aggravated robbery, theft, and having weapons while under disability, but vacated the trial court's sentence and remanded for a new sentencing hearing. We decline to reopen Scott's appeal.

**{¶2}** App.R. 26(B)(2)(b) requires that Scott establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has established that:

> We now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B). * * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * The 90-day requirement in the rule is applicable to all

appellants, *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule. (Emphasis added.)   *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, at ¶ 7. See also *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-248, 647 N.E.2d 784.

*See also State v. LaMar,* 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.

**{¶3}**   Herein, Scott is attempting to reopen the appellate judgment that was journalized on April 18, 2013.   The application for reopening was not filed until December 17, 2013, more than 90 days after journalization of the appellate judgment in *Scott*, *supra*.   In an attempt to establish good cause, for the untimely filing of his application for reopening, Scott argues that:

> * * * may this court find logical reasoning in the material facts; a: hostile environment.   I am currently incarcerated in Lake Erie Correctional Institution.   I am sure this court is well aware of the conditions that exist in this environment as Lake Erie Correctional has had national attention and several local segments, as well.   In my attempts to avoid confrontation, I elected segregation.   I have legal mail to verify my time in segregation. While in segregation an inmate will not receive state allowance until a complete month of assignment.   Before an assignment can be completed an inmate must be re-classed once returning into general population.

**{¶4}** Scott has failed to establish a showing of good cause for the untimely filing of his application for reopening. Ready access to the prison library, limited access to legal material, prison riots, and prison lockdowns have been repeatedly rejected as good cause for the untimely filing of an App.R. 26(B) application for reopening. *State v. Kinder*, 8th Dist. Cuyahoga No. 94722, 2012-Ohio-1339. Also, counsel cannot be expected to argue their own ineffectiveness on appeal. *Lamar*, *supra*; *State v. Davis*, 86 Ohio St.3d 212, 1999-Ohio-160, 714 N.E.2d 384. Finally, lack of legal training and ignorance of the law does not establish good cause for failure to seek timely relief pursuant to App.R. 26(B). *Reddick*, *supra*. *See also State v. Klein*, 8th Dist. Cuyahoga No. 58389, Ohio App. LEXIS 1346 (Apr. 8, 1991), *reopening disallowed*, (Mar. 15, 1994), Motion No. 49260, *aff'd*, 69 Ohio St.3d 1481, 634 N.E.2d 1027 (1994); *State v. Trammell*, 8th Dist. Cuyahoga No. 67834, 1995 Ohio App. LEXIS 2962 (July 24, 1995), *reopening disallowed*, (Apr. 22, 1996), Motion No. 70493; *State v. Travis*, 8th Dist. Cuyahoga No. 56825, 1990 Ohio App. LEXIS 1356 (Apr. 5, 1990), *reopening disallowed*, (Nov. 2, 1994), Motion No. 51073, *aff'd*, 72 Ohio St.3d 317, 1995-Ohio-152, 649 N.E.2d 1226; *State v. Gaston*, 8th Dist. Cuyahoga No. 79626, 2007-Ohio-155; *State v. Torres*, 8th Dist. Cuyahoga No. 86530, 2007-Ohio-9.

**{¶5}** Accordingly, the application for reopening is denied.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

PATRICIA ANN BLACKMON, J., and
EILEEN T. GALLAGHER, J., CONCUR