[Cite as *State v. Hicks*, 2019-Ohio-870.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 107055

---

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### LEON L. HICKS

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED; REMANDED IN PART

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-17-624348-A, and CR-17-613379-A

**BEFORE:** E.A. Gallagher, J., E.T. Gallagher, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** March 14, 2019

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Timothy Troup
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant Leon Hicks appeals his consecutive sentences after he pled guilty to attempted domestic violence in Case No. CR-17-624348 ("CR 624348") and violated community control sanctions in Case No. CR-17-613379 ("CR 613379"). Hicks contends that his consecutive sentences should be vacated because (1) the trial court failed to make the requisite findings for the imposition of consecutive sentences under R.C. 2929.14(C)(4) and (2) the record does not support the imposition of consecutive sentences. For the reasons that follow, we affirm Hicks' sentences but remand for the trial court to issue a nunc pro tunc order in CR 613379 to incorporate the consecutive sentence findings it made at the sentencing hearing into its sentencing journal entry.

**Factual Background and Procedural History**

**{¶2}** In May 2017, Hicks pled guilty to an amended count of attempted domestic violence in violation of R.C. 2923.02 and 2919.25(A) in CR 613379. At that time, Hicks had already been on community control for a prior offense in Case No. CR-16-604937 ("CR 604937").[1] The trial court sentenced Hicks to two years of community control sanctions in CR 613379 and extended his community control sanctions 12 months in CR 604937. The trial court then advised Hicks that if he violated his community control sanctions he would receive a 12-month prison sentence and that the sentence would be consecutive to the sentence in CR 604937.

**{¶3}** While he was on community control, Hicks committed another offense. In February 2018, he pled guilty to an amended count of attempted domestic violence in violation of R.C. 2923.02 and 2919.25(A) in CR 624348. Hicks' convictions in both cases arose out of incidents involving the mother of one of Hicks' children.

**{¶4}** On March 14, 2018, the trial court held an initial sentencing hearing in CR 624348 and a violation of community control hearing in CR 613379. Hicks admitted, and the trial court found, that Hicks had violated the terms of his community control in CR 613379 based on his new conviction in CR 624348. Prior to sentencing Hicks, the trial judge stated that she had "considered the purposes and principles of the Ohio Revised Code section regarding sentencing" and had read the presentence investigation report. After hearing from the state, defense counsel, the victim and Hicks, the trial court sentenced Hicks to 12 months in prison in CR 624348, terminated community control sanctions in CR 613379 and sentenced Hicks to 12 months in prison in that case. The trial court ordered that the sentences be served consecutively, resulting in an aggregate prison term of 24 months.

---

[1] CR 604937 is not part of this appeal.

**{¶5}** With respect to its decision to impose a prison sentence rather than impose or extend community control sanctions, the trial court explained:

THE COURT: * * * [S]ir, you are going to the institution today. You deserve it as much as anybody.

Just going through your record, sir, you have a drug case from juvenile court. You have a criminal trespass as an adult. A drug trafficking case in '07. You have a criminal damaging in '10 in Cleveland Municipal Court.

You have a trafficking in drugs in '10. You have a domestic violence in '10. You have another domestic violence in '10. You have a grand theft motor vehicle and domestic violence in '11.

You have another domestic violence in '14. You have a Felony 5 burglary in '14. You pled guilty to burglary, a felony of the fourth degree, and failure to comply with order or signal of a police officer, a felony of the fourth degree, in '16. Another domestic violence in 2017. That's the case for which you are currently on probation. Actually you are on probation on two cases — 604937 and 613379.

I gave you a chance at community control sanctions. You convinced me

you turned yourself around. Clearly you haven't * * *[.]

**{¶6}** With respect to its decision to impose consecutive sentences, the trial court further stated:

Now, sir, I sentence you to these consecutive terms because I believe it is necessary to protect the public and to punish you irrespective of how the victim in this matter feels. I feel the sentences are not disproportionate to other sentences handed out in Cuyahoga County and other counties throughout the state of Ohio.

I further find that the crime was committed while you were awaiting —

I'm sorry, not while you were awaiting trial, but while you were under sanction

for those other two cases, and I do so because your criminal history shows that

consecutive terms are needed to protect the public.

**{¶7}** The trial court incorporated these findings in its March 14, 2018 sentencing journal entry in CR 624348 as follows:

The court imposes prison terms consecutively finding that consecutive service is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that the defendant committed one or more of the multiple offenses while the defendant was awaiting trial or sentencing or was under a community control or was under post-release control for a prior offense, or defendant's conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by defendant.

**{¶8}** No consecutive sentencing findings were included in the sentencing journal entry in CR 613379.

**{¶9}** Hicks appealed his sentences, raising the following assignment of error for review:

Appellant's sentence is contrary to law because the record does not support the imposition of consecutive sentences.

**Law and Analysis**

**{¶10}** As this court explained in *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, there are two ways a defendant can challenge consecutive sentences on appeal:

First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(b); *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892, ¶ 16 (8th Dist.). Second, the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a); *Nia*.

*Id.* at ¶ 7. Pursuant to R.C. 2953.08(G)(2)(a), an appellate court may "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the

sentencing court for resentencing" if it "clearly and convincingly" finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4).

{¶11} In order to impose consecutive sentences, the trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and (3) at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶12} The trial court must make the required statutory findings at the sentencing hearing and incorporate those findings into its sentencing journal entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. To make the requisite "findings" under the statute, "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Id.* at ¶ 26,

quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). When imposing consecutive sentences, the trial court is not required to give a "talismanic incantation of the words of the statute." *Bonnell* at ¶ 37. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29; *see also State v. Thomas*, 8th Dist. Cuyahoga No. 102976, 2016-Ohio-1221, ¶ 16 ("the trial court's failure to employ the exact wording of the statute does not mean that the appropriate analysis is not otherwise reflected in the transcript or that the necessary finding has not been satisfied"). When considering whether the trial court has made the requisite findings, we must view the trial court's statements on the record "in their entirety." *See, e.g., State v. Blevins*, 2017-Ohio-4444, 93 N.E.3d 246, ¶ 21, 23 (8th Dist.).

{¶13} Hicks argues that the imposition of consecutive sentences in the cases at issue was contrary to law because (1) the trial court failed to make the proportionality finding required for the imposition of consecutive sentences under R.C. 2929.14(C)(4) and (2) the imposition of consecutive sentences is clearly and convincingly not supported by the record because the sentences "are in excess of what is necessary to incapacitate the offender, [to] deter him from committing future crime and to rehabilitate him." _We disagree.

{¶14} On the record before us, considering the trial court's statements in their entirety, we find that the trial court conducted the necessary analysis and made the requisite findings for imposing consecutive sentences at the sentencing hearing. When sentencing Hicks, the trial court expressly found that consecutive sentences were "necessary to protect the public" and "to punish" Hicks, R.C. 2929.14(C)(4), that Hicks committed one or more of the offenses while he was under community control sanctions in other cases, R.C. 2929.14(C)(4)(a), and that his

"criminal history shows that consecutive terms are needed to protect the public," R.C. 2929.14(C)(4)(c). With respect to proportionality, the trial court did not state specifically that consecutive sentences were not disproportionate to the seriousness of Hicks' conduct and to the danger he poses to the public. Rather, the trial court stated, after detailing Hicks' lengthy criminal history and prior unsuccessful attempts to give him "a chance at community control sanctions," that "the sentences are not disproportionate to other sentences handed out in Cuyahoga County and other counties throughout the state of Ohio."

{¶15} In *State v. Gonzalez*, 8th Dist. Cuyahoga No. 105952, 2018-Ohio-1302, this court held that similar statements by the trial court were sufficient to satisfy the proportionality finding under R.C. 2929.14(C)(4). *Id.* at ¶ 11-13. In that case, the trial court stated, when sentencing the defendant, that his record was "deplorable" and included numerous convictions for drug possession, attempted burglary, grand theft of a motor vehicle, driving under the influence, receiving stolen property, carrying a concealed weapon, theft, burglary and identity theft. *Id.* at ¶ 11. The trial court further stated:

> You committed all of those crimes. You've been to prison, and I find it is necessary to give you a consecutive sentence * * * because it is necessary to protect the public and to punish you. It's not disproportionate given your record and given other sentences that are handed down in this court, as well as other courts in this state. And I find further that your criminal history shows that consecutive terms are needed to protect the public.

*Id.*; *see also State v. McGowan*, 8th Dist. Cuyahoga No. 105806, 2018-Ohio-2930, ¶ 19-25 (fact that trial court "did not explicitly state the 'disproportionate' prong of R.C. 2929.14(C)(4)" did not preclude the imposition of consecutive sentences where trial court's statements on the record,

when viewed in their entirety, indicate that it considered proportionality both with regard to the seriousness of defendant's conduct and the danger he posed to the public); *State v. Morris*, 2016-Ohio-7614, 73 N.E.3d 1010, ¶ 27-34 (8th Dist.) (trial court's findings that consecutive sentences were not disproportionate to the seriousness of defendant's conduct and the danger defendant poses to the public could be "discerned" from trial court's statement that "consecutive sentences in this matter are necessary to protect and punish [and] are not disproportionate" combined with its statements regarding defendant's criminal history, the danger defendant posed to the public in failing to report his whereabouts and the fact the crimes at issue were committed while defendant was on postrelease control and "probation" for an "identical offense"); *State v. Amey*, 8th Dist. Cuyahoga Nos. 103000 and 103001, 2016-Ohio-1121, ¶ 15-19 (trial court's statement that consecutive sentences "would not be disproportionate" combined with statements regarding defendant's extensive criminal record and remark that defendant had not "responded favorably to sanctions previously imposed" satisfied proportionality finding required under R.C. 2929.14(C)(4)); *State v. Cooperwood*, 8th Dist. Cuyahoga Nos. 99309, 99310 and 99311, 2013-Ohio-3432, ¶ 40 (when viewed "in its context," trial court's statement that consecutive sentences "would not be disproportionate" constituted a "'proportionality' finding in compliance with the statute").

{¶16} Although the trial court in this case did not state verbatim that consecutive sentences would not be disproportionate to the seriousness of Hicks' conduct and the danger he poses to the public, the trial court's statements on the record, when viewed in their entirety, clearly indicate that the trial court conducted the necessary analysis with respect to proportionality and made the requisite findings before imposing consecutive sentences.   We can discern from the trial court's statements on the record that the trial court found both that

consecutive sentences are not disproportionate to the seriousness of Hicks' conduct and are not disproportionate to the danger Hicks poses to the public. "'[T]he trial court's failure to identify the factors — or "the reasons" — that were considered in its proportionality analysis does not render the consecutive sentences contrary to law.'" *Blevins*, 2017-Ohio-4444, 93 N.E.3d 246, at ¶ 20, quoting *State v. Crawley*, 8th Dist. Cuyahoga No. 102781, 2015-Ohio-5150, ¶ 12-13.

{¶17} Further, following a thorough review of the record, we cannot say that the record clearly and convincingly does not support the trial court's findings under R.C. 2929.14(C)(4). As this court explained in *State v. Venes,* 2013-Ohio-1891, 992 N.E.2d 453 (8th Dist.), "[t]his is an extremely deferential standard of review":

> It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge.

*Id.* at ¶ 21. In the incident giving rise to the charge in CR 624348, Hicks attempted to strangle his daughter's mother "with both hands around her neck," leaving "scratches and red marks," after they got into an argument. At the time he committed this new offense, he was on community control in two other cases, including CR 613379. The record reflects Hicks' lengthy criminal history, including multiple prior convictions for domestic violence. The record also reflects that lesser sentences Hicks had received had not been effective in modifying his conduct. Accordingly, we affirm the trial court's imposition of consecutive sentences.

{¶18} Although the trial court made the requisite findings for the imposition of consecutive sentences at the sentencing hearing, it incorporated those findings only in its sentencing journal entry in CR 624348. It failed to incorporate those findings in its sentencing

journal entry in CR 613379. This failure does not render the consecutive sentences contrary to law. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 30. Rather, this omission may be corrected through a nunc pro tunc entry to reflect what actually occurred at the sentencing hearing. *Id.* Hicks' assignment of error is sustained in part and overruled in part.

**{¶19}** We affirm Hicks' sentences but remand CR 613379 for the trial court to issue a nunc pro tunc order incorporating the consecutive sentence findings it made at the sentencing hearing into its March 14, 2018 sentencing journal entry.

**{¶20}** Judgment affirmed; CR 613379 remanded for the issuance of a nunc pro tunc order consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR