[Cite as *State v. Record*, 2020-Ohio-189.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108338 |
| v. | : | |
| MATTHEW P. RECORD | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 23, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-634317

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Marcus A. Henry, Assistant Prosecuting Attorney, *for appellee.*

Daniel J. Misiewicz, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Matthew P. Record ("Record") appeals his sentence, and asks this court to vacate the sentences imposed by the trial court. We affirm.

{¶ 2} Record pleaded guilty to two counts of gross sexual imposition, third-degree felonies, in violation of R.C. 2907.05(A)(4); one count of illegal use of a minor in nudity-oriented material or performance, a second-degree felony, in violation of R.C. 2907.323(A)(1); and one count of endangering children, a second-degree felony, in violation of R.C. 2919.22(B)(5). The trial court sentenced Record to two years imprisonment each on the R.C. 2907.05(A)(4) violations; five years imprisonment on the R.C. 2907.323(A)(1) violation; and six years imprisonment on the R.C. 2919.22(B)(5) violation. The trial court ordered that all terms be served consecutively, for an aggregate of 15 years imprisonment. Additionally, Record was ordered to register as a Tier II sex offender.

## I. Facts and Procedural History

{¶ 3} Record's biological daughter, A.H., alleged that Record had taken nude photographs of her while she was in the bathroom. Additionally, A.H. reported to the police that Record played the "food game" with her, where Record would blindfold A.H., and have A.H. eat pizza toppings off of what Record would say was his hand or a spatula, when in fact it was Record's penis. (Tr. 36.) When Record was arrested, he told the police that he did not have any nude photos of A.H. However, after being informed of a warrant to retrieve his cell phone, Record admitted to taking the photos, but said that he took the photos of A.H. because her mother suspected that someone was abusing A.H., and needed photo evidence. (Tr. 35.)

{¶ 4} On January 26, 2019, at the plea hearing, Record pleaded guilty to an amended indictment. The trial court conducted a full hearing pursuant to Crim.R. 11. (Tr. 7-11.) The trial court also advised Record of the potential penalties for pleading guilty to each count. (Tr. 12-13.) The trial court advised Record that none of the counts merged for the purpose of sentencing, because they were not allied offenses. (Tr. 14.) The trial court then advised Record that the counts could run consecutive to each other, and that it was the agreement of Record and the state that each count would be sentenced separately. *Id.*

{¶ 5} On February 26, 2019, after the court listened to the victim impact statements from A.H.'s mother, A.H., and Record's mother, the trial court sentenced Record to 15 years imprisonment. Record filed this timely appeal assigning one error for our review:

> I. The record in this matter does not support the sentence imposed by the trial court.

## II. Consecutive Sentences

### A. Standard of Review

{¶ 6} Record argues that his sentence is contrary to law.

> R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under" R.C. Chapter 2929 or (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

*State v. Johnson*, 8th Dist. Cuyahoga No. 107528, 2019-Ohio-4668, ¶ 6.

**B.    Whether the Record Supports the Consecutive Sentence Imposed by the Trial Court**

{¶ 7}    Record contends that his sentence is contrary to law because the trial court did not consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.

> R.C. 2929.11 directs a court to consider the "overriding" purposes of felony sentencing: (1) "protect[ion of] the public from future crime by the offender or others," and (2) "punish[ing] the offender." R.C. 2929.11(A).    The sentencing court is to accomplish these purposes using "minimum sanctions" and without placing any "unnecessary burden on state or local government resources." *Id.* To achieve these purposes, a court must also consider the need for incapacitation, deterrence, rehabilitation, and restitution. *Id.* An appropriate sentence is thus one "reasonably calculated" to achieve the overriding purposes of felony sentencing and is "commensurate with," while "not demeaning the seriousness" of, the conduct and its impact. R.C. 2929.11(B).
>
> Pursuant to R.C. 2929.12, the trial court has discretion to "determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A).    The court must consider applicable factors from divisions (B) and (C) relating to the "seriousness of the conduct," and divisions (D) and (E) relating to recidivism. *Id.* The statute also permits the trial court to consider "any other factors that are relevant to achieving those purposes and principles of sentencing." *Id.*

*State v. McGowan*, 8th Dist. Cuyahoga No. 105806, 2018-Ohio-2930, ¶ 11-12.

{¶ 8}    The trial court complied with the requirements of R.C. 2929.11 when it stated,

> I've formulated this decision based upon the overriding principles and purposes of felony sentencing, namely to protect the public from future crime by you and to punish you using the minimum sanctions the Court determines accomplishes those purposes without imposing an unnecessary burden on state or local government resources.  I have

considered the need for incapacitation, deterrence, and rehabilitation. There's been no request for restitution in this case.

* * *

This sentence is not based upon any impermissible purposes; namely the race, ethnic background, gender, or religion of Mr. Record.

(Tr. 50-52.)

{¶ 9} The trial court also complied with the requirements of R.C. 2929.12 when it stated,

I've considered the seriousness and recidivism factors relevant to the offense and the offender. When I talk about seriousness, I do consider these crimes to be of the most serious in their designated felony level. And when we talk about recidivism, while this is the first time you've been prosecuted, Mr. Record, that you are capable of performing these acts and taking pictures of your daughter — your biological daughter gives me much concern for recidivism. Because if you can do it to your daughter, who knows who else you can do it to. The Court is ensuring that this sentence being imposed does not demean the seriousness of the offense, the impact it has on the victim, and is consistent with other similar offenses committed by like offenders.

(Tr. 51.)

{¶ 10} Record argues that there is nothing in the record that gave the trial court concern for recidivism. "We are aware that the trial court does not have to make findings on the record regarding the R.C. 2929.11 and 2929.12 sentencing factors. We are also aware that appellate courts may not substitute their judgment for the trial court's judgment nor may they independently weigh the sentencing factors." *Johnson*, 8th Dist. Cuyahoga No. 107528, 2019-Ohio-4668, at ¶ 33. At sentencing, the trial court stated,

I've considered the seriousness and recidivism factors relevant to the offense and the offender. * * * And when we talk about recidivism, while this is the first time you've been prosecuted, Mr. Record, that you are capable of performing these acts and taking pictures of your daughter — your biological daughter gives me much concern for recidivism. Because if you can do it to your daughter, who know who else you can do it to.

(Tr. 52.)

{¶ 11} The record reflects that the trial court did consider the recidivism factors under R.C. 2929.12(B)(6) and (9). The trial court also considered that Record sexually abused his biological daughter and took nude photographs of her. Record argues that the trial court did not consider the fact that he only had one infraction in his criminal history. However, it is our determination that there is enough in the record to give the trial court concern for recidivism.

{¶ 12} Additionally, Record argues that the trial court failed to make the proper findings pursuant to R.C. 2929.14(C)(4).

There is a presumption in Ohio "that prison sentences should be served concurrently unless the trial court makes the findings outlined in R.C. 2929.14(C)(4) to warrant consecutive service of the prison terms." *State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 67 (8th Dist.), citing *State v. Primm*, 8th Dist. Cuyahoga No. 103548, 2016-Ohio-5237, ¶ 64, citing *State v. Cox*, 8th Dist. Cuyahoga No. 102629, 2016-Ohio-20, ¶ 3; R.C. 2929.41(A).

*State v. Hunt*, 8th Dist. Cuyahoga No. 107125, 2019-Ohio-1643, ¶ 13.

{¶ 13} However,

[t]he consecutive sentencing statute, R.C. 2929.14(C)(4), provides: If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to

punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.* at ¶ 17.

{¶ 14} At the sentencing hearing, the trial court stated,

The Court must make the following findings to support the record to impose consecutive sentences: That it is necessary to punish the offender or protect the public from future crime and this sentence is not disproportionate in part to the seriousness of the conduct and the danger posed by the defendant. And one of the two or more of the offenses are part of one or more course of conduct. And the harm caused is so great or unusual that a single prison term would not adequately reflect the seriousness of the conduct. This means, sir, that you are sentenced to an aggregate prison term of 15 years.

(Tr. 53.)

{¶ 15} The trial court complied with R.C. 2929.14(C)(4).

The trial court must make the required statutory findings at the sentencing hearing and incorporate those findings into its sentencing journal entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. To make the requisite "findings" under the

statute, "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Id.* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131 (1999). When imposing consecutive sentences, the trial court is not required to give a "talismanic incantation of the words of the statute." *Bonnell* at ¶ 37. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29; *see also State v. Thomas*, 8th Dist. Cuyahoga No. 102976, 2016-Ohio-1221, ¶ 16 ("the trial court's failure to employ the exact wording of the statute does not mean that the appropriate analysis is not otherwise reflected in the transcript or that the necessary finding has not been satisfied"). When considering whether the trial court has made the requisite findings, we must view the trial court's statements on the record "in their entirety." *See, e.g., State v. Blevins*, 2017-Ohio-4444, 93 N.E.3d 246, ¶ 21, 23 (8th Dist.).

*State v. Hicks*, 8th Dist. Cuyahoga No. 107055, 2019-Ohio-870, ¶ 12.

{¶ 16} Before imposing Record's sentence, the trial court stated,

Before imposing sentence, the Court notes for the record that I have considered the record, the oral statements made here today, the presentence investigation report, and the plea negotiations. I'm considering the victim statement relaid [sic] by the State of Ohio and the statements made by the witnesses today. I've formulated this decision based upon the overriding principles and purposes of felony sentencing, namely to protect the public from future crime by you and to punish you using the minimum sanctions the Court determines accomplishes those purposes without imposing an unnecessary burden on state or local government resources. I have considered the need for incapacitation, deterrence, and rehabilitation.

(Tr. 50-51.)

{¶ 17} After reviewing the trial court's statements on the record in their entirety, we have determined that the trial court made the required statutory findings to sentence Record to consecutive sentences. The trial court took note of

the fact that Record committed these crimes against his biological daughter and was very concerned that if Record could do this to his own daughter, then who else would he feel comfortable doing it to again. We find that the record supports the imposition of consecutive sentences.

{¶ 18} Therefore, Record's assignment of error is overruled.

{¶ 19} Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, A.J., and
EILEEN A. GALLAGHER, J., CONCUR