[Cite as *State v. Scott*, 2022-Ohio-3549.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 111212 |
| v. | : | |
| CLYDE SCOTT, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** October 6, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-11-557947-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee*.

John F. Corrigan, *for appellant*.

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Clyde Scott ("Scott"), is before this court for the third time challenging his sentence. In this appeal, Scott argues the trial court erred in not imposing a lesser aggregate sentence of 18 years at his second resentencing. Scott also challenges the trial court's imposition of consecutive sentences,

contending that the court's incantation was insufficient and the court failed to incorporate its findings into the sentencing entry. For the reasons set forth below, we affirm Scott's sentence and remand the matter to the trial court to issue a nunc pro tunc judgment entry incorporating the actual findings made at the sentencing hearing.

## I.  Facts and Procedural History

{¶ 2}  The facts and procedural history of this case were previously set forth by this court in *State v. Scott*, 8th Dist. Cuyahoga No. 100085, 2021-Ohio-1823 ("*Scott II*"):

> In January 2012, the grand jury indicted Scott on 12 counts for offenses against two separate victims that occurred on or about December 26, 2011. For the alleged acts against victim Marion Polk ("Polk"), the grand jury indicted Scott with kidnapping, two counts of felonious assault, two counts of aggravated robbery, and one count of theft. For the alleged acts against victim Carlos Williams ("Williams"), the grand jury indicted Scott with one count of kidnapping, one count of felonious assault, one count of aggravated robbery, and one count of theft. The grand jury also indicted Scott with two counts of having weapons while under disability. In addition, the kidnapping, aggravated robbery, and felonious assault charges carried one- and three-year firearm specifications.
>
> At his arraignment, Scott pled not guilty to the charges. The matter proceeded to trial, and the jury found Scott guilty on all counts, except felonious assault as to the victim, Williams. In July 2012, the court sentenced Scott on all counts to an aggregate sentence of 24 years in prison. Scott timely appealed his convictions.
>
> In *State v. Scott*, 8th Dist. Cuyahoga No. 98809, 2013-Ohio-1559 [("*Scott I*")], we affirmed Scott's conviction for the offenses of kidna[p]ing, felonious assault, aggravated robbery, theft, and having weapons while under disability. We vacated Scott's sentence and remanded the matter for a new sentencing hearing because the trial court failed to merge allied offenses of similar import. Scott did not timely appeal this decision to the Ohio Supreme Court.

In June 2013, pursuant to our remand order, the trial court resentenced Scott and merged Counts 1, 3, 4, and 5 (kidnapping, aggravated robbery, and theft with respect to the victim Polk), Counts 2 and 3 (felonious assault also with respect to the victim Polk), and Counts 7, 8, and 10 (kidnapping, aggravated robbery, and theft with respect to the victim Williams). The state elected to proceed to sentence on Count 2 (felonious assault), Count 4 (aggravated robbery), and Count 8 (aggravated robbery). Count 11 (having weapons while under disability with respect to the victim Polk) was not subject to merger. The trial court merged all firearm specifications pertaining to each victim. The trial court then sentenced Scott to 8 years on Count 2, to run concurrent to 9 years on Count 4, which was to run consecutive to the 3-year firearm specification, for a total of 12 years on those counts. The trial court sentenced Scott to 9 years on Count 8, consecutive to the 3-year firearm specification, for a total of 12 years. The trial court ordered Scott to serve the 12-year sentences consecutively and imposed a concurrent sentence of 3 years for Count 11 (having weapons while under disability).

Because the concurrent and consecutive nature of the counts remained the same as previously imposed, the aggregate prison sentence remained 24 years. However, the sentence the trial court imposed on Count 2 was increased from six to eight years. We note, although the sentencing entry reflects that Counts 2 and 3 had been merged, it incorrectly states that "all six counts merge" and does not reflect the state's election or the eight-year concurrent sentence that the trial court imposed on Count 2. The state concedes this error can be corrected upon remand.

In July 2013, Scott, pro se, filed a notice of appeal with this court. Scott moved for the appointment of appellate counsel, but the trial court denied his motion. In August 2013, we, sua sponte, dismissed Scott's appeal because he failed to file the record. Scott did not file a timely appeal to the Ohio Supreme Court.

In October 2013, Scott, pro se, filed a notice of appeal and motion for leave to file a delayed appeal with this court. In his motion for leave, Scott argued that his appeal from the resentencing judgment was untimely because neither the court nor his attorney had advised him of his right to appeal or the 30-day time frame for filing an appeal. Scott also moved for appointment of counsel in the trial court, but his motion was denied. In November 2013, we denied Scott's motion for leave to file a delayed appeal and dismissed his case. Scott did not file a timely appeal to the Ohio Supreme Court.

In December 2013, Scott filed three, pro se motions in the trial court. (1) "Motion for a Final Approachable [sic] Order," arguing that his sentence was void because he had not been advised of his appellate rights by the court, (2) "Motion to Revise and Correct the Sentencing Entry," and (3) "Motion for Leave Order to Motion for New Trial Order." The trial court denied all three motions. Scott did not appeal any of these rulings.

In that same month, pursuant to App.R. 26(B), Scott, pro se, filed an application for reopening his initial direct appeal. In the application for reopening, Scott argued that his appellate counsel was ineffective for failing to raise claims of ineffective assistance of trial counsel and that the verdict was against the manifest weight of the evidence. In February 2014, this court denied Scott's application for reopening as untimely and found that he had not demonstrated good cause for his untimely application. *State v. Scott*, 8th Dist. Cuyahoga No. 98809, 2014-Ohio-379. Scott did not appeal to the Ohio Supreme Court.

In June 2014, Scott, pro se, filed a petition for a writ of habeas corpus in federal court wherein he argued that the common pleas court possessed no jurisdiction to bring him to trial, thus making the judgment of conviction void. Additionally, Scott argued he was denied the right to appeal, right to appellate counsel, and records at state's expense. Further, Scott claimed that the trial court did not advise him of his fundamental right to appeal ultimately denying him his rights to liberty, procedural, and substantive due process of law, and equal protection under the laws. The writ of habeas corpus was dismissed in part and denied in part.[1]

In September 2014, Scott, pro se, filed a notice of appeal, and a motion for delayed appeal in the Ohio Supreme Court, attempting to appeal our affirmance of his original conviction and judgment dismissing his appeal of his resentencing. As cause for filing his delayed appeal, Scott stated that he was illiterate; ignorant of the law; relied on the assistance of others; was not advised of his rights to appeal or his right to appellate counsel, his right to a free transcript, and that he was innocent. In

---

[1] The ground in the petition that fails on the merits results in a denial, and the ground that is procedurally defaulted results in a dismissal. Scott did not demonstrate by clear and convincing evidence that the state court's findings were incorrect. Accordingly, the state court's findings are presumed correct. *See* 28 U.S.C. 2254(e)(1); *see also Railey* [*v. Webb*, 540 F.3d 393, 397 (6th Cir.2008)].

December 2014, the Ohio Supreme Court denied Scott's motion for a delayed appeal and dismissed his case.

In February 2020, after Scott objected to the dismissal in part, and denial in part, of the writ of habeas corpus relief, the U.S. District Court granted the writ on the condition that the state court allow Scott to pursue a direct appeal of his resentencing with appointed counsel. *Scott v. Sloane*, 6th Cir. No. 19-3095, 2020 U.S. App. LEXIS 6414 (Feb. 28, 2020). Thereafter, the trial court appointed appellate counsel, and we reopened Scott's previously dismissed appeal to allow him to appeal his resentencing.

*Id.* at ¶ 2-13.

{¶ 3} In *Scott II*, Scott argued that the trial court failed to make the requisite findings to impose consecutive sentences and the trial court's reimposition of the same aggregate 24-year prison sentence was vindictive because the trial court increased, by over two years, the individual sentence imposed in Count 2. *Id.* at ¶ 15 and 21. We agreed and found that the trial court failed to specifically find that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* at ¶ 18. With regard to the vindictiveness in the sentencing of Count 2, we noted that on remand, "the trial court reimposed the same sentences on Counts 4, 8, and 11, but increased the sentence on Count 2, from six to eight years." *Id.* at ¶ 23. We further noted that because "no objective, nonvindictive reasons for a harsher sentence on Count 2, appear on the record, * * * there is a presumption of vindictiveness" and "[i]n order to assure the absence of such a motivation, whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for them doing so must affirmatively appear." *Id.*, citing *State v. Thomas*, 8th Dist. Cuyahoga No. 105613,

2017-Ohio-9274, ¶ 13, citing *State v. Bradley*, 2d Dist. Champaign No. 06CA31, 2008-Ohio-720, ¶ 7, citing *North Carolina v. Pearce*, 395 U.S. 711, 726, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). As a result, we vacated Scott's sentence and remanded the matter for the limited purpose of determining whether consecutive sentences should be imposed and, if so, making the required findings, and we vacated the sentence the trial court imposed in Count 2 and remanded for resentencing on that count. *Id.* at ¶ 20 and 26.

{¶ 4} Following our remand in *Scott II*, the trial court held a resentencing hearing on August 27, 2021, with Scott present at the hearing. The trial court resentenced Scott on Count 2 to six years in prison. On Counts 4 and 8, Scott was sentence to three years on each of the firearm specification to run prior to and consecutive with the base counts, and prior to and consecutive with each other. The trial court sentenced Scott on Count 4 to six years in prison and nine years in prison on Count 8. On Count 11, the trial court sentenced Scott to three years. The trial court ordered that Counts 4 and 8 were to be served consecutively and the remaining counts to be served concurrently. The court also detailed its findings for the imposition of consecutive sentences. However, during the trial court's discussion of consecutive sentences on Counts 4 and 8, the trial court initially stated that Scott was sentenced 18 years total, but later stated that the total sentence is 21 years. The court stated:

> Mr. Scott, on felonious assault, I will change my sentence to six years on Count 2.

On Count 4 and 8 you will serve three years each on the firearm specifications to run prior to and consecutive with the base counts and prior to and consecutive with each other by operation of law.

You will have to serve six years on the firearm specifications. That is three, plus three on Counts 4 and 8.

On Count 4, on the base count, I will sentence you to six years at Lorain Correctional [Institution], but on the base count, on Count 8, I will sentence you to nine years at the Lorain Correctional [Institution].

On Count 11, having weapon while under disability, I will sentence you to three years, Lorain Correctional [Institution].

* * *

Count 4, your total sentence is nine years, with the firearm specification on Count 8. Your total sentence is 12 years.

Run consecutive, you will serve 18 years.

Now, I do find, again, that consecutive sentences are necessary to protect the public and to punish the offender, and that the total sentence here of 18 years is not disproportionate to the type of crime and harm committed here.

* * *

Additionally, the firearm specifications are mandatory. It's mandatory six years.

The base counts run consecutive, a total of 15 years added together.

The 15-year sentence is not, again, disproportionate for two aggravated robberies, with a history of aggravated robberies and other felonies.

Your total sentence, therefore, will be three years, plus six years [on Count 4], plus three years, plus nine years [on Count 8] for a total sentence of 21 years, less credit for time served.

Again, Count 2, felonious assault, six years, and Count 11, having weapons under disability, three years, will run concurrent with each other.

(Aug. 27, 2021 Hearing, tr. 13-15.)

{¶ 5} The court then memorialized its sentence in a journal entry and later corrected the entry, nunc pro tunc, to include jail-time credit. In the sentencing entry, the court stated:

The court considered all required factors of the law.

The court finds that prison is consistent with the purpose of R.C. 2929.11.

The court imposes a prison sentence at the Lorain Correctional Institution of 21 year(s).

Count(s) 2, 3 merge for purposes of sentencing. The state elects to sentence on Count 2[:] F2, 6 year(s); 3 years mandatory post release control.

Count(s) 1, 3, 5 merge into Count 4. State elects to proceed as to Count 4, F1: 3 year(s) on the [firearm] specification(s) to be served prior to and consecutive with 6 year(s) on the base charge[.] 5 years mandatory post release control.

Count(s) 7, 10 merge into Count 8. State elects to proceed as to Count 8, F1: 3 year(s) on the [firearm]specification(s) to be served prior to and consecutive with 9 year(s) on the base charge[.] 5 years mandatory post release control.

Count 11: F3, 3 year(s); up to 3 years discretionary post release control.

The firearm spec on Count 8 will be served consecutively by operation of law to the firearm spec on Count 4. Counts 2 and 11 will run concurrently with each other and with Count[s] 4 and 8. Counts 4 and 8 will run consecutively with each other. The defendant will serve a total sentence of 21 years with credit for time served.

(Oct. 12, 2021, Sentencing Journal Entry.)

{¶ 6} It is from this order that Scott now appeals, raising the following three assignments of error for review:

**Assignment of Error I:** The trial court erred in not imposing an aggregate sentence of eighteen (18) years.

**Assignment of Error II:** The trial court's talismanic incantation was insufficient to impose consecutive sentencing.

**Assignment of Error III:** The trial court erred in failing to incorporate its consecutive findings into the sentencing journal entry.

## II. Law and Analysis

### A. Standard of Review

{¶ 7} An appellate court reviews felony sentences under R.C. 2953.08(G)(2). *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 27, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. Under R.C. 2953.08(G)(2)(a) and (b), an appellate court "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter * * * for resentencing" if it "clearly and convincingly" finds "[t]hat the record does not support the sentencing court's findings under * * * division (B)(2)(e) or (C)(4) of section 2929.14" or "[t]hat the sentence is otherwise contrary to law."

{¶ 8} "A sentence is contrary to law if it falls outside the statutory range for the offense or if the sentencing court fails to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12." *State v. Angel*, 8th Dist. Cuyahoga No. 110456, 2022-Ohio-72, ¶ 8, citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926.

### B. 21-Year v. 18-Year Sentence

{¶ 9} In the first assignment of error, Scott argues that based on the trial court's statements at the sentencing hearing, the court intended to sentence him to an "aggregate of 18 years in prison," rather than 21 years in prison.

{¶ 10} A review of the record in the instant case reveals that while the trial court initially stated at the hearing that Scott's aggregate sentence would be 18 years in prison, the court later clarified at the hearing and in its accompanying sentencing entry that Scott's sentence is 21 years in prison. The court stated:

> Count 4, your total sentence is nine years, with the firearm specification on Count 8. Your total sentence is 12 years.
>
> Run consecutive, you will serve 18 years.
>
> Now, I do find, again, that consecutive sentences are necessary to protect the public and to punish the offender, and that the total sentence here of 18 years is not disproportionate to the type of crime and harm committed here.
>
> * * *
>
> Additionally, the firearm specifications are mandatory. It's mandatory six years.
>
> The base counts run consecutive, a total of 15 years added together.
>
> The 15-year sentence is not, again, disproportionate for two aggravated robberies, with a history of aggravated robberies and other felonies.
>
> Your total sentence, therefore, will be three years, plus six years [on Count 4], plus three years, plus nine years [on Count 8] for a total sentence of 21 years, less credit for time served.
>
> Again, Count 2, felonious assault, six years, and Count 11, having weapons under disability, three years, will run concurrent with each other.

(Aug. 27, 2021 Hearing, tr. 14-15.) In its corresponding sentencing entry, the court stated that it "imposes a prison sentence at the Lorain Correctional Institution of 21 year(s)" and that "[t]he defendant will serve a total sentence of 21 years with credit for time served." (Oct. 12, 2021, Sentencing Journal Entry.)

{¶ 11} Based on the foregoing, we find that while the trial court initially miscalculated the aggregate sentence, the court clarified and articulated that Scott's sentence amounted to an aggregate sentence of 21 years in prison. The trial court's comments on the record and in the sentencing entry confirm this.

{¶ 12} Therefore the first assignment of error is overruled.

{¶ 13} We note the state argued at the sentencing hearing that the trial court was without authority to change the length of the sentences on Counts 4 and 8 because our remand in *Scott II* was limited to resentencing on Count 2 and a consecutive-sentence determination on Counts 4 and 8. (Aug. 27, 2021 Hearing, tr. 15-16.) The state contended that Counts 4 and 8 were never vacated so the court could not resentence Scott. (Aug. 27, 2021 Hearing, tr. 16.) The court replied that it was going to use its discretion and "change the sentence on Count 4 to six years, given [Scott's] polite behavior and moving words" at the hearing. (Aug. 27, 2021 Hearing, tr. 17.) On appeal, the state notes in passing that the trial court "acted outside this Court's mandate when [it] resentenced [Scott] on the base charge on Count 4, reducing his sentence on that count[, which] resulted in a reduction of his overall aggregate sentence by three years, for a total aggregate sentence of 21 years in prison." We disagree. Although this court limited the remand, we also vacated Scott's entire sentence, and thus, he was entitled to a new hearing and sentence.

{¶ 14} In *Scott II*, this court addressed Scott's consecutive sentence on Counts 4 and 8, and sustained Scott's first assignment of error, vacated Scott's sentence, and remanded the matter "for the limited purpose of determining whether

consecutive sentences should be imposed and, if so, making the required findings." *Scott II*, 8th Dist. Cuyahoga No. 100085, 2021-Ohio-1823 at ¶ 20. We also stated that "we reverse and remand for another sentencing hearing." *Id.* at ¶ 1. And we reversed the judgment and remanded the matter "to the trial court for the limited purpose of determining whether consecutive sentences should be imposed and, if so, making the required findings." *Id.* at ¶ 27. While we stated that the remand was limited to the purpose of determining whether consecutive sentences should be imposed and, if so, making the required findings, we also vacated Scott's sentence.

{¶ 15} The Ohio Supreme Court has held that while "[a] remand for a new sentencing hearing generally anticipates a de novo sentencing hearing[,] * * * only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15. Furthermore, this court has found that "'resentencing is a critical stage of criminal proceedings that triggers a defendant's right to be present under * * * Crim.R. 43'" *State v. Jarmon*, 8th Dist. Cuyahoga No. 108248, 2020-Ohio-101, ¶ 9, quoting *State v. Mason*, 8th Dist. Cuyahoga No. 107447, 2019-Ohio-1773, ¶ 18.

{¶ 16} In the instant case, we vacated the entire sentence in *Scott II* and remanded the matter to the trial court for resentencing. As a result, Scott was entitled to be present at a de novo resentencing hearing. The record reveals that the court complied with Crim.R. 43 by ordering Scott to be transported from the

correctional institution so that he could be present at the resentencing hearing, and by this court's vacation of Scott's entire sentence in *Scott II*, the trial court followed our instructions when it resentenced Scott on all counts. Accordingly, we do not find that the trial court was acting outside of our mandate in *Scott II*.

### C. Consecutive Sentence

#### 1. Necessary Findings

{¶ 17} In the second assignment of error, Scott argues the trial court failed to make the three, necessary findings in order to impose a consecutive sentence.

{¶ 18} Trial courts must engage in the three-step analysis of R.C. 2929.14(C)(4) before imposing consecutive sentences. *State v. Stoker*, 8th Dist. Cuyahoga No. 110029, 2021-Ohio-1887, ¶ 22, citing *State v. Gohagan*, 8th Dist. Cuyahoga No. 107948, 2019-Ohio-4070. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Third, the trial court must find that at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the

courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 19} The failure to make the above findings renders the imposition of consecutive sentences contrary to law. *Gohagan* at ¶ 29. R.C. 2929.14(C)(4) directs that for each step of this analysis, the trial court must "find" the relevant sentencing factors before imposing consecutive sentences. R.C. 2929.14(C)(4). Trial courts, however, do not need to recite the statutory language word for word, nor are they required to "give a talismanic incantation of the words of the statute[.]" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29, 37. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 20} In this case, the trial court ordered that Counts 4 and 8 were to be served consecutively. The trial court made the following findings at Scott's sentencing hearing:

The Court is considered the seriousness and recidivism factors and the purposes and principles of our sentencing statutes.

The Court does note that Mr. Scott does have an extensive prior criminal history of crimes of felonious significance, including a prior aggravated robbery.

This case dealt with two victims, one of whom was shot while fleeing the attempted robbery.

The Court still is of the opinion that consecutive sentences are needed to protect the public from future crime and to punish the offender for this conduct.

Shooting an individual in the back and fleeing a robbery, an aggravated robbery is a — it's something that we could have been here on a life-tail murder case.

\* \* \*

Now, I do find, again, that consecutive sentences are necessary to protect the public and to punish the offender, and that the total sentence here of 18 years is not disproportionate to the type of crime and harm committed here.

Additionally, I see your past criminal history shows that consecutive terms are needed to protect the public. You have a prior aggravated robbery. You served five years for it.

You have gone out, and you committed two more aggravated robberies.

So past history is an excellent predictor of future behavior, and it's generally all we have to go on.

(Aug. 27, 2021 Hearing, tr. 12-14.)

{¶ 21} The foregoing record supports the trial court's imposition of consecutive sentences. The court specifically noted that consecutive sentences were necessary to protect the public and punish the offender. With regard to the second step, the trial court found that consecutive sentences are not disproportionate to the seriousness of Scott's conduct and to the danger the offender poses to the public. Scott contends that the trial court failed to specifically make the disproportionality finding with respect to the danger he poses to the public. We disagree.

{¶ 22} In *State v. Hollis*, 8th Dist. Cuyahoga No. 109092, 2020-Ohio-5258, this court addressed a similar situation, where the trial court failed to explicitly make

a finding that consecutive sentences were not disproportionate to the danger an appellant poses to the public. We upheld the imposition of consecutive sentences, despite the explicit finding, noting that "the trial court's statements during the sentencing hearing, when viewed in their entirety, clearly indicate that the trial court considered proportionality with respect to both the seriousness of the appellant's conduct and the danger appellant posed to the public." *Id.* at ¶ 23, citing *State v. Hicks*, 8th Dist. Cuyahoga No. 107055, 2019-Ohio-870, ¶ 14-16, citing *State v. Gonzalez*, 8th Dist. Cuyahoga No. 105952, 2018-Ohio-1302, ¶ 11-13; *State v. McGowan*, 8th Dist. Cuyahoga No. 105806, 2018-Ohio-2930, ¶ 19-25; *State v. Morris*, 2016-Ohio-7614, 73 N.E.3d 1010, ¶ 27-34 (8th Dist.).

{¶ 23} Here, the trial court noted Scott's prior criminal history and the fact that he served time for a prior offense of violence. The court further indicated that "past history is an excellent predictor of future behavior[.]" (Aug. 27, 2021 Hearing, tr. 12-14.) Therefore, the trial court found that Scott's prior criminal history was indicative of the danger he posed to the public. With regard to the third step, the court found that Scott's lengthy criminal history demonstrates that consecutive sentences are necessary to protect the public.

{¶ 24} Based upon our review of the record, we find that the trial court engaged in the three-step analysis of R.C. 2929.14(C)(4), and we cannot "clearly and convincingly" conclude that the record does not support the trial court's consecutive-sentence findings. Therefore, the second assignment of error is overruled.

## 2. Findings Incorporated into the Sentencing Entry

{¶ 25} In his third assignment of error, Scott argues that the trial court erred by failing to journalize its consecutive-sentence findings in its sentencing entry. The state concedes this error. Both Scott and the state agree that the remedy is a remand to the trial court for the limited purpose of incorporating its consecutive-sentence findings into a nunc pro tunc sentencing entry.

{¶ 26} We agree that the trial court failed to include its consecutive-sentence findings in the sentencing entry as required by *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37. Such an error is a clerical mistake that the trial court may correct through a nunc pro tunc entry "to reflect what actually occurred in open court." *Id.* at ¶ 30, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718. As a result, the matter is remanded to the trial court for the limited purpose to correct the clerical mistake and include, through a nunc pro tunc entry, its consecutive-sentence findings from the August 27, 2021 hearing as required by R.C. 2929.14(C)(4).

{¶ 27} Therefore, the third assignment of error is sustained.

## III. Conclusion

{¶ 28} Scott's 21-year sentence is affirmed. The trial court complied with the requirements of R.C. 2929.14(C)(4), and we cannot conclude that the record "clearly and convincingly" does not support the findings. The court, however, did not include those findings in its accompanying sentencing entry. Therefore, the matter is remanded to the trial court for the limited purpose to correct the sentencing entry,

nunc pro tunc, and include its consecutive-sentence findings from the August 27, 2021 hearing as required by R.C. 2929.14(C)(4).

{¶ 29} Accordingly, judgment is affirmed and the matter is remanded.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR